**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Weltha Jones-Rankins,       ) | No. CV 10-01626-PHX-FJM |
|                    Plaintiff,    ) |  |
| vs.                        ) | **ORDER** |
| Cardinal Health, Inc.,       ) |  |
|                    Defendant.   ) |  |

The court has before it defendant's motion to dismiss (doc. 14), plaintiff's response (doc. 18), and defendant's reply (doc. 20).

On August 2, 2010 plaintiff filed this Title VII action alleging racial discrimination and retaliation. Defendant moves to dismiss the complaint for insufficient process and service of process pursuant to Rule 12(b)(4) and Rule 12(b)(5), Fed. R. Civ. P. Defendant argues that plaintiff failed to properly serve defendant under federal rules, the rules of Arizona, or the rules of Ohio. Plaintiff denies many of defendant's allegations of deficient service, but does admit that she failed to file proof of service. Plaintiff now submits a copy of a U.S. Postal Service Delivery Confirmation Receipt which, she states, constitutes proof of delivery. See Response, ex. D.

1  "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Rule 4, Fed. R. Civ. P." Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986). A plaintiff must serve defendant with a copy of the summons and complaint within 120 days of the filing of the complaint. Rule 4(m), Fed. R. Civ. P. A plaintiff may serve a corporation according to the federal rules, the service of process rules that apply in the state in which the federal district court is located, or if service is effected in another state, the rules of that state. Rule 4(h)(1)(A). Here, service of process will be upheld if it conforms to federal, Arizona, or Ohio's service of process rules.

Plaintiff failed to comply with the federal rules. Service of process upon a corporation requires delivery, or personal service by someone other than the plaintiff. See Robinson v. Heritage Elementary Sch., No. CV-09-0541-PHX-LOA, 2009 WL 1578313, *2 (D. Ariz. June 3, 2009). Here, plaintiff, herself, purportedly mailed a copy of the summons and complaint to an Eric Meyers, who works in defendant's legal department in Ohio. Clearly this is insufficient to properly effect service on defendant. See Rule 4(h)(1)(B); Rule 4(c)(2) (stating that a party may not serve a summons and complaint).

The Arizona rule for serving a corporation, Rule 4.1(k), is remarkably similar to Federal Rule 4(h)(1). Rule 4.1(k) requires "delivering a copy of the summons and of the pleading to a partner, an office, a managing or general agent, or to any agent authorized by appointment or by law." Arizona law is unclear on whether delivery implies personal service, as is the case under the federal rule. See Savarese v. Edrick Transfer & Storage, Inc., 513 F.2d 140, 144 (9th Cir. 1975) (discussing service by certified mail upon a corporate employee and not addressing whether that was sufficient under the Arizona rules); see also Mealer v. GMAC Mortg. LLC, No. 3:10-cv-08172, 2010 WL 4586183 (D. Ariz. Nov. 2, 2010). Setting this issue aside, Arizona allows service by mail upon parties "outside the state[.]" Rule 4.2(c), Az.R.Civ.P. Here, the complaint does not reveal where defendant resides. It is undisputed, however, that defendant has a location in Arizona as plaintiff was employed there. Complaint ¶ 13. Plaintiff's attempted service by mail was thus ineffective. Even if defendant is outside the state, plaintiff's service is still deficient because she did not

- 2 -

1  file an acknowledgment signed under oath or affirmation by defendant in accordance with
2  the requirements set forth in Rule 4.2(c), Az.R.Civ.P. See Postal Instant Press, Inc. v. Corral
3  Rests., 186 Ariz. 535, 262, 925 P.2d 260, 537 (1996), supplemented on reconsideration, 187
4  Ariz. 487, 930 P.2d 1001 (1997). Plaintiff's delivery confirmation receipt is insufficient as
5  it does not indicate what she mailed, does not confirm defendant's receipt, and does not
6  comply with Rule 4.2(c)'s other requirements.

7  Having failed to properly serve defendant under either federal or Arizona law, we turn
8  to Ohio law.  Ohio requires service by certified or express mail to be made by the clerk of
9  the court. Ohio Rule 4.1(A). The rule also sets forth additional requirements, none of which
10 plaintiff complied with. Accordingly, plaintiff's attempt to serve process herself by priority
11 mail does not comply with Ohio rules.

12 We also reject plaintiff's argument that defendant's appearance in the case constituted
13 a waiver of service. The procedure for what constitutes waiver of service is governed by
14 federal, not state rules. A notice of appearance in federal court does not waive service of
15 process as long as the defendant preserves the defense of insufficient process in its first
16 responsive pleading. See Rule 12(h), Fed. R. Civ. P. Defendant did just that. See doc. 12.

17 Plaintiff failed to effect proper service under federal, Arizona, or Ohio rules. We
18 already granted plaintiff an extension under Rule 4(m), Fed.R.Civ.P. to complete service of
19 process despite a lack of good cause. The Rule 16 Scheduling Conference is set for April 22,
20 2011. Defendant asks that we dismiss the complaint with prejudice. We find that too harsh.
21 Rule 4(m) allows for dismissal without prejudice or an extension of time, with or without a
22 showing of good cause. See Mann v. Am. Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003)
23 (citing Henderson v. United States, 517 U.S. 654, 661-62, 116 S.Ct. 1638, 1643 (1996)).
24 Plaintiff's pro se status does not excuse her from fully complying with the rules of procedure.
25 Her inability to properly serve defendant twice should compel plaintiff to seek the advice of
26 counsel. Nevertheless, in our discretion under Rule 4(m), Fed.R.Civ.P., plaintiff shall have
27 to and including April 13, 2011 to properly serve defendant in accordance with the applicable
28 law. Failure to properly and timely serve defendant will result in dismissal of this action.

1   It is ORDERED, subject to the above, DENYING defendant's motion to dismiss (doc.
2   14).
3   DATED this 4th day of April, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 4 -