**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Weltha Jones-Rankins,<br><br>  Plaintiff,<br><br>vs.<br><br>Cardinal Health, Inc.,<br><br>  Defendant. | CV 10-1626-PHX-FJM<br><br>**ORDER** |

The court has before it defendant's motion for a protective order (doc. 44), plaintiff's motion to compel (doc. 48), and defendant's response (doc. 50).

Plaintiff has requested production of "various documents" that defendants state include proprietary business information, employee records, and records of internal investigations. Mot. for Protective Order, at 2. Defendant's concern is that plaintiff, who is unrepresented by counsel, will publish or otherwise use discovery materials for purposes other than this litigation. Defendant prepared a "simple" protective order for plaintiff's signature to protect all discovery material. Id. Plaintiff was notified the day before defendant's deadline that defendant was ready to produce the documents, but would do so only upon plaintiff's signing the protective order. Plaintiff refuses to sign, arguing that defendant has not established good cause justifying the issuance of a protective order.

The Ninth Circuit recognizes a broad right of public access to judicial records and documents. Kamakana v. Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). Absent a court order, the "fruits of pretrial discovery" are "presumptively public." San Jose Mercury News, Inc. v. U.S. Dist. Court N. Dist. (San Jose), 187 F.3d 1096, 1103 (9th Cir. 1999). A court may issue a protective order when good cause exists. Fed. R. Civ. P. 26(c). The party seeking the order carries the burden "for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003). The good cause test of Rule 26(c) is not satisfied by sweeping allegations of harm, but instead requires specific, articulated examples. Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992).

Defendant's generalized concern that plaintiff "may" attempt to publish or use the "various documents" she requested inappropriately merely because she is appearing *pro se* does not satisfy its burden to show good cause. Mot. for Protective Order, at 2. Defendant has not shown specific examples that prejudice or harm will result from production for each document it seeks to protect. Defendant's argument that plaintiff's "refusal to agree that she will not use these documents for improper purposes demonstrates precisely why" the order is needed is also unavailing. Id. Plaintiff has not indicated that she will use discovery materials for improper purposes. She has refused to sign a stipulated protective order that is unsupported by good cause. Defendant's motion is denied.

Plaintiff moves to compel the production of documents from defendant. Defendant reiterates that it is willing to immediately produce the documents once a protective order is in place. Defendant, however, has not yet shown good cause for a protective order. As defendant presents no other reason for withholding the documents, and indeed avers that it is not trying to delay the discovery process, plaintiff's motion is granted.

Therefore, **IT IS ORDERED DENYING** defendant's motion for a protective order (doc. 44). **IT IS FURTHER ORDERED GRANTING** plaintiff's motion to compel (doc.

1 | 48). **IT IS ORDERED** that defendant produce all responsive documents within three (3)
2 | days of this order.
3 | DATED this 15th day of September, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge